UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| Keith Miller,<br><br>*Plaintiff*,<br><br>v.<br><br>NASDAQgl, Joanna Sophia, and John Does 1 - 20, *et al.*,<br><br>*Defendants*. | Case No. 1:25-cv-00035<br><br>**Plaintiff's Second Motion for Expedited Discovery** |

Plaintiff Keith Miller hereby requests that the Court enter an order authorizing him to engage in expedited discovery. In support, Mr. Miller respectfully shows the Court as follows.

I.   **Preliminary Statement**

Mr. Miller filed this action to recover assets he lost to a cryptocurrency-related fraud and conversion scheme operated by a sophisticated criminal syndicate. The Defendants stole assets worth approximately $635,000.00 from Mr. Miller—a devastating loss. Sadly, Mr. Miller is not alone. He is but one victim of the ongoing crypto-fraud epidemic, to which hardworking Americans are losing billions every year.

Documents produced in response to Plaintiff's subpoenas previously issued in accordance with the Court's Order Granting Emergency Motion for

Ex *Parte* Temporary Restraining Order and Order Authorizing Expedited Discovery[1] revealed additional subpoena targets who are likely to be in possession of information about the Defendants. Accordingly, Mr. Miller now seeks authorization to issue subpoenas to those third parties set forth below, seeking information about the Defendants and their activities.

## II.     Legal Standard

Typically, parties may not seek "discovery from any source before the conference required by Rule 26(f)."[2] But expedited discovery before a Rule 26(f) conference is permitted where "authorized … by court order."[3] Courts in this circuit apply a "good cause" standard to determine whether such an order should issue.[4] Good cause may be found where "the need for expedited discovery in consideration of the administration of justice, outweighs the prejudice to the responding party."[5]

Many courts, including this Court, have authorized expedited discovery from cryptocurrency exchanges in cryptocurrency-related fraud cases like this one.[6] Indeed, courts have affirmatively held that any privacy

---

[1] Dkt. 3

[2] FED R. CIV. P. 26(d)(1).

[3] *Id.*

[4] *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 239 (S.D. Tex. 2011) (applying good cause standard).

[5] *Id.* at 239.

[6] *See, e.g., Strivelli v. Doe*, No. 22-cv-22060 2022 WL 1082638, at *2 (D.N.J. Apr. 11, 2022) (authorizing expedited discovery from cryptocurrency exchanges in crypto case and noting "the Court's review of cryptocurrency

interests that alleged cybercriminals have concerning the discovery of information about their identities and activities is outweighed by the need to adjudicate victims' claims against them.[7]

### A.   Proposed Discovery

Mr. Miller's proposed discovery arises from pre-suit investigation and from responses to subpoenas issued in the course of this litigation. Responses to Plaintiff's subpoena to Meta Platforms, Inc. revealed additional third parties likely to be in possession of information about the Defendants. In addition, Mr. Miller seeks to re-issue an earlier-authorized subpoena regarding LiveChat to a different legal entity, which he has learned in communication with LiveChat is the appropriate entity to receive service. Each of the third parties Mr. Miller seeks to subpoena and their connection to this case is set out below.

| *Subpoena Target* | *Connection to Case* |
|---|---|
| Text, Inc. | NASDAQgl used LiveChat for the customer-service chat on its website. LiveChat is a web service operated by Text, Inc. |

---

theft cases reveals that courts often grant motions for expedited discovery to ascertain the identity of John Doe defendants"); *Licht*, 2023 WL 4504585, at *4 (issuing broad authorization for expedited discovery in functionally identical crypto-fraud case and requiring that "any party served with a request for production shall produce all requested items within 72 hours of the request").

[7] *Gaponyuk*, 2023 WL 4670043, at *4 (finding alleged cybercriminals' privacy interests were "outweighed by the need to adjudicate the [victim's] claims," and holding that "privacy concerns shall not be a just cause for [a] subpoenaed non-party to withhold [] requested documents and information").

| Microsoft | Meta's subpoena response revealed that the scammer's Facebook account is associated with a Hotmail email address. Hotmail is a constituent of Microsoft's Outlook software suite. |
|---|---|
| Google | Meta's subpoena response revealed that the scammer's Facebook account is associated with a Gmail email address. Gmail is Google's email service. |

Mr. Miller seeks the Court's authorization to issue subpoenas to each of the above-listed entities seeking the following information. For all targets, Mr. Miller seeks to discover all biographical and contact information associated with the Defendants' accounts. He also seeks to discover IP-address and location logs showing the devices and locations from which the Defendants accessed these accounts.

Mr. Miller also seeks to discover any payments information in the subpoena targets' possession, including the Defendants' transaction histories and information about the credit or debit cards the Defendants used to pay for the subpoena targets' services. As to the Defendants' payment methods, Mr. Miller seeks only information sufficient to identify the Defendants' payments provider and the Defendants' account with that provider.

Courts, including this Court, have authorized similar discovery where the plaintiff adduced evidence that the persons about whom the information

was sought were cybercriminals and the plaintiff also sought a temporary restraining order freezing the assets held in those accounts.[8]

### III. Conclusion

For the reasons set out above, Mr. Miller has met the standards for issuance of a temporary restraining order and an order authorizing expedited discovery in this matter. he requests that the Court issue this relief in the form of the proposed order submitted with this Motion.

Dated: May 6, 2025

Respectfully submitted,

THE HODA LAW FIRM, PLLC

_____
Marshal J. Hoda, Esq.
Tx. Bar No. 2411009
12333 Sowden Road, Suite B
PMB 51811
Houston, TX 77080
o. (832) 848-0036
marshal@thehodalawfirm.com

*Attorney for Plaintiff*

---

[8] *See, e.g.*, *Harris v. Upwintrade*, 1:24-cv-00313-MJT, Dkt. 7 (E.D. Tex.) (Truncale, J.) (Aug. 8, 2024) (granting expedited discovery in functionally identical pig-butchering case); *Cohn v. Popescu*, 1:24-cv-00337-MJT, Dkt. 8 (E.D. Tex.) (Truncale, J.) (Aug. 30, 2024) (same); *Strivelli*, 2022 WL 1082638, at *2 (granting broad expedited discovery in functionally identical crypto-fraud case); *see also Licht*, 2023 WL 4504585, at *4 (same).