IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| KEITH MILLER, § | |
| § | |
| *Plaintiff*, § | |
| § | CIVIL ACTION NO. 1:25-CV-00035 |
| VS. § | JUDGE MICHAEL J. TRUNCALE |
| § | |
| JOANNA SOPHIA, NASDAQGL, and § | |
| JOHN DOES 1–20, § | |
| § | |
| *Defendants*. § | |

## ORDER GRANTING PLAINTIFF'S SECOND MOTION FOR EXPEDITED DISCOVERY

Before the Court is Plaintiff Keith Miller's Second Motion for Expedited Discovery. [Dkt. 4]. For the following reasons, the motion is hereby **GRANTED**.

### I. BACKGROUND

Miller alleges that he was defrauded into participating in a "pig-butchering" scam, whereby he was deceived into paying Defendants $635,000 believing that he was legitimately investing on a cryptocurrency trading platform. [Dkt. 1]. Miller filed suit in this Court and sought a temporary restraining order and expedited discovery. [Dkts. 1, 2]. In addition to issuing a temporary restraining order, the Court authorized expedited discovery from ten different third parties likely in possession of information about Defendants, such as IP addresses, location logs, contact and biographical information, transaction histories, and account balances. [Dkt. 3 at 8–9]. Documents produced by these third parties in response to Miller's subpoenas revealed additional subpoena targets that are likely in possession of relevant information about Defendants. [Dkt. 4 at 1–2]. Miller files the present motion seeking authorization to issue subpoenas to those third parties. *Id.* at 2.

### II. DISCUSSION

Typically, parties may not seek "discovery from any source before the parties have conferred as required by Rule 26(f)." Fed R. Civ. P. 26(d)(1). But expedited discovery before a Rule 26(f)

conference is permitted where "authorized . . . by court order." *Id.* Although the Fifth Circuit has not adopted a standard by which authorization may be issued, several district courts in the Fifth Circuit apply a "good cause" standard to determine whether such an order should issue. *Cothran v. Koomson*, No. 4:20-CV-481-SDJ, 2020 WL 6450498, at *1 (E.D. Tex. Nov. 3, 2020) (Jordan, J.); *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 239–40 (S.D. Tex. 2011) (collecting cases) (applying good cause standard). Good cause may be found where "the need for expedited discovery in consideration of the administration of justice, outweighs the prejudice to the responding party."[1] *St. Louis Grp.*, 275 F.R.D. at 239 (internal quotation marks and citation omitted).

Many courts, including this Court, have authorized expedited discovery from cryptocurrency exchanges in cryptocurrency-related fraud cases like this one. *See, e.g.*, *Harris v. Upwintrade.com*, No. 1:24-cv-00313-MJT, Dkt. 7 at pp. 14, 17–18 (authorizing expedited discovery); *Cohn v. Popescu*, No. 1:24-cv-00337-MJT, 2024 WL 4525511, at *5–6 (same); *Evans v. BlofinTYU*, No. 1:25-cv-00094-MJT, Dkt. 4 at pp. 8, 10 (same); *Strivelli v. Doe*, No. 22-cv-22060, 2022 WL 1082638, at *2 (D.N.J. Apr. 11, 2022) (authorizing expedited discovery from cryptocurrency exchanges in crypto case and noting "the Court's review of cryptocurrency theft cases reveals that courts often grant motions for expedited discovery to ascertain the identity of John Doe defendants."); *Licht v. Ling*, No. 3:23-CV-1018-X, 2023 WL 4504585, at *4 (N.D. Tex. June 20, 2023) (issuing broad authorization for expedited discovery in functionally identical crypto-fraud case and requiring that "any party

---

[1] More specifically, in determining whether good causes exists, a court weighs the following factors:

> (1) [W]hether the plaintiff has made a prima facie case of actionable harm; (2) the specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) whether there is a central need for the subpoenaed information to advance the claim; and (5) the user's expectation of privacy.

*Cothran*, 2020 WL 6450498, at *2 (citations omitted). Plaintiff did not explicitly address these factors in the pending motion. *See generally* [Dkt. 4]. However, given its contents, the Court finds that Plaintiffs has made a sufficient showing on these factors.

served with a written request for production shall produce all requested items within 72 hours of the request").

Here, Miller's proposed discovery arises from pre-suit investigation and from responses to subpoenas issued thus far during this litigation. Responses to Plaintiff's subpoena to Meta Platforms, Inc. revealed additional third parties likely to be in possession of information about Defendants. Miller also seeks to re-issue an earlier-authorized subpoena regarding LiveChat to a different legal entity, which he learned in communication with LiveChat is the appropriate entity to receive service. Miller seeks to subpoena the following targets:

| *Subpoena Target* | *Connection to Case* |
|---|---|
| Text, Inc. | NASDAQgl used LiveChat for the customer-service chat on its website. LiveChat is a web service operated by Text, Inc. |
| Microsoft Corp. | Meta's subpoena response revealed that the scammer's Facebook account is associated with a Hotmail email address. Hotmail is a constituent of Microsoft's Outlook software suite. |
| Alphabet, Inc. (Google) | Meta's subpoena response revealed that the scammer's Facebook account is associated with a Gmail email address. Gmail is Google's email service. |

Miller requests the Court's authorization to issue subpoenas to each of the above-listed entities seeking the following information. For all targets, Miller seeks to discover all biographical and contact information associated with Defendants' accounts. He also seeks to discover IP-address and location logs showing the devices and locations from which Defendants accessed these accounts.

Miller also seeks to discover any payment information in the subpoena targets' possession, including Defendants' transaction histories and information about the credit or debit cards Defendants used to pay for the subpoena targets' services. As to Defendants' payment methods, Miller seeks only information sufficient to identify Defendants' payments provider and Defendants' account with that provider.

3

Courts have authorized similar discovery where the plaintiff adduced evidence that the persons about whom the information was sought were cybercriminals and the plaintiff also sought a temporary restraining order freezing the assets held in those accounts. *Strivelli*, 2022 WL 1082638, at *2 (granting broad expedited discovery in functionally identical crypto-fraud case); *see also Licht*, 2023 WL 4504585, at *4 (same). The Court finds these courts' reasoning persuasive and therefore authorizes the scope of discovery requested by Miller here.

The Court further finds that any privacy interest Defendants have in the documents requested by Plaintiff is outweighed by the need to investigate and prosecute the theft and conversion alleged in the complaint. Such privacy concerns shall not be good cause for the subpoenaed party to withhold the requested material.

### III.  CONCLUSION

It is **ORDERED** that Plaintiff's Second Motion for Expedited Discovery is hereby **GRANTED**. Plaintiff is authorized to serve subpoenas on the following third parties: (1) Text, Inc., (2) Microsoft Corp., and (3) Alphabet, Inc. (Google).

All subpoenaed third parties shall produce the materials sought in the subpoena to Plaintiff's counsel within fourteen (14) days of their receipt of Plaintiff's subpoena and this Order, unless otherwise agreed.

**SIGNED this 9th day of May, 2025.**

_____
Michael J. Truncale
United States District Judge